IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

Plaintiff,

v.                                                    Civil Action No. 1:18-cv-72
                                                      (Judge Keeley)

AUSTIN CAPERTON,
in his official capacity as
Secretary of West Virginia Department
of Environmental Protection,

Defendant.

MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF BY
<u>WEST VIRGINIA SURFACE OWNER'S RIGHTS ORGANIZATION</u>

Comes now the West Virginia Surface Owner's Rights Organization ("WVSORO") and moves this Court for leave to file an Amicus Curiae brief supporting the position of the Defendant, and says.

1. WVSORO was established[1] in 2008.  Over 900 persons pay dues and are considered to be members of WVSORO.  Out of West Virginia's population of 1.8 Million, more than one

---

[1] As a technical legal matter, WVSORO is a registered trade name used by West Virginia-Citizen Action Group, Incorporated, a West Virginia corporation, in order to organize, serve as a resource for, and advocate for surface landowners dealing with oil and gas related activities on their land and in their communities.  The filing of this *amicus* brief is authorized by the executive director of the West Virginia-Citizen Action Group.

1

million live outside municipalities and so could be affected by oil and gas drilling.[2] West Virginia has a home ownership rate of about 74%[3] and that is probably higher in rural areas where apartment buildings are unusual. So, WVSORO educates, aids and advocates for the interests of its members plus hundreds of thousands of citizens of West Virginia.

2. About 30% of WVSORO's members own an interest in the mineral tracts underlying their surface tracts. Those who are fortunate enough to own an interest in the minerals are frequently bound by old leases that are held by production. These old leases are antiquated in that they were signed when "cable tools" were used to drill wells because, as the West Virginia Legislature has found, rotary drilling could not have been reasonably contemplated when negotiating leases before 1960[4] and horizontal drilling only began to come into general use in 2008.

3. Most early leases provided for the payment of only a "flat-rate" royalty to the lessor if gas was produced. EQT states in its complaint that it believes that it holds the largest number of unmodified flat-rate leases of any producer in West Virginia. So a large number of WVSORO's members will doubtless be directly affected by a ruling of this Court in this matter, and this Court's decision will be used as persuasive authority in the circumstances of other WVSORO members and many other non-member, small interest owners who are not parties.

---

[2] *See* https://suburbanstats.org/population/west-virginia/list-of-counties-and-cities-in- west-virginia.

[3] *See* https://www.worldatlas.com/articles/the-most-homeowners-in-the-united-states.html.

[4] W.Va. Code §22-7-1(a)(2) (enacted 1982 and recodified 1994).

4. The attached Exhibit B is an unreported order of Chief Judge John Preston Bailey in Northern District Civil Action No. 5:14-CV-39, attached, which held that even without a specific rule, District Courts possess inherent authority to grant *amicus* status to assist in their proceedings in order to insure a complete and plenary presentation of difficult issues.

5. As noted above, the question is of significant importance to WVSORO's members and those for whom it speaks. The income from royalties has a tremendous effect on them and on the economy of the Northen District. WVSORO's history and that of its counsel[5] position WVSORO to provide timely and useful information and legal experience that will contribute to this Court's understanding of this matter in question.

6. The named defendant in this action is the State through its Secretary of the West Virginia Department of Environmental Protection. But the effect of the ruling will be primarily not on the State itself, but on thousands upon thousands of individual citizens.[6] So it is even more appropriate and desirable to grant amicus status in this action than in a case between only private persons and entities so interested parties and organizations can have their voices heard.

---

[5]Counsel David McMahon has been an attorney in good standing for 42 years. He has represented and otherwise advocated for surface owners and small mineral interest owners in conflicts with oil and gas drillers and operators since 1983. He has been invited to speak on these subjects at several West Virginia University College of Law Continuing Legal Education programs, plus numerous local educational meetings on leasing and on surface owners legal rights. He was a registered lobbyist and was present in the Legislature, and even in the room where it happened, when many of the provisions of the West Virginia's oil and gas statutes were enacted. He published a booklet, the *West Virginia Surface Owner's Guide to Oil and Gas,* first in 2001 and revised in 2005 and he is the attorney responsible for the current Internet version of that booklet and other information on the WVSORO website.

[6]The 1,700 unamended flat-rate leases EQT states it has are very old and no doubt are now owned by the first, second or third generation descendants of the original 1,700 lessors. And there are any number of other companies who also hold such leases.

7.  WVSORO's proposed brief is attached as Exhibit A.

8.  Through counsel, WVSORO notified Plaintiff and Defendant of its intent to move to file a brief as *amicus curiae*. Defendant advised it agrees with the motion. Plaintiff advised that Plaintiff is opposed and objects to any motion to file an amicus curiae.

WHEREFORE, WVSORO moves this court for leave to file its attached amicus curiae brief.

Respectfully Submitted:

/s/ David McMahon
David McMahon (WV Bar No. 2490)
1624 Kenwood Rd.
Charleston, West Virginia 25314
Phone:  (304) 993-0468
Email:  wvdavid@wvdavid.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

        Plaintiff,

v.                                                Civil Action No.: 1:18-cv-72
                                                 (Judge Keeley)

AUSTIN CAPERTON,
in his official capacity as
Secretary of West Virginia Department
of Environmental Protection,

        Defendant.

CERTIFICATE OF SERVICE

I, David McMahon do hereby certify that on June 1, 2018, I electronically filed the foregoing "**Motion for Leave to File Amicus Curiae Brief of West Virginia Surface Owner's Rights Organization**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Williams & Connolly, LLP | Babst Calland Clements and Zomnir, P.C. |
| Kannon K. Shanmugam, Esq. | Timothy M. Miller (W.Va. Bar No. 2564) |
| Katherine M. Turner, Esq. | Katrina N. Bowers (W.Va. Bar No. 12337) |
| Eden Schiffmann, Esq. | BB&T Square |
| Matthew J. Greer (admitted pro hac vice) | 300 Summers Street, Suite 1000 |
| 725 Twelfth Street, N.W. | Charleston, WV 25301 |
| Washington, DC 20005 | (681) 205-8888 |
| (202) 434-5000 | tmiller@babstcalland.com |
| kshanmugam@wc.com | kbowers@babstcalland.com |
| kturner@wv.com | |
| eschiffmann@wv.com | |
| mgreer@wc.com | |

                                                /s/ David McMahon
                                               David McMahon (WV Bar No. 2490)
                                               1624 Kenwood Rd.
                                               Charleston, West Virginia 25314
                                               Phone:  (304) 993-0468
                                               Email:  wvdavid@wvdavid.net