IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

MURRAY ENERGY CORPORATION, et al.,

        Plaintiffs,

v.

GINA McCARTHY, Administrator,
United States Environmental Protection
Agency, in her official capacity,

        Defendant.

CIVIL ACTION NO. 5:14-CV-39
(BAILEY)

### ORDER GRANTING MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

On this day, the above-styled civil action came before this Court for consideration of the Motion for Leave to File *Amicus Curiae* Brief [Doc. 265], filed by the Chamber of Commerce of the United States of America and National Mining Association (collectively "*amici*") on August 22, 2016. Therein, *amici* request leave to file a brief as *amicus curiae* in support of the plaintiffs' opposition to the defendant's motion for summary judgment. The motion notes that the parties have been advised of the instant motion, and that the plaintiffs consent to the filing whereas the defendant does not consent.

"An *amicus curiae*, defined as 'friend of the court,' . . .does not represent the parties but participates only for the benefit of the Court." ***Jin v. Ministry of State Sec.***, 557 F.Supp.2d 131, 136 (D.D.C. 2008).[1] *Amicus curiae* briefs serve an important function "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary

---

[1] Citing ***United States v. Microsoft Corp.***, 2002 WL 319366, at *2 (D.D.C. 2002).

1


EXHIBIT 13

presentation of difficult issues so that the court may reach a proper decision." **Newark Branch, NAACP v. Town of Harrison**, 940 F.2d 792, 808 (3d Cir. 1991) (internal quotation marks omitted). The Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level. Nonetheless, "district courts possess the inherent authority to appoint [*amicus curiae*] to assist in their proceedings." **Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.**, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); **Jin**, 557 F.Supp.2d at 136.[2] "Courts typically grant *amicus* status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." **Ga. Aquarium, Inc. v. Pritzker**, 135 F.Supp.3d 1280, 1288 (N.D. Ga. 2015).

*Amici* argue in the instant motion that their attached *amicus curiae* brief meets this standard. Specifically, *amici* describe the nature of their respective associations and aver that this case presents a question of significant importance to them and their members. They further assert that the answer to the question in this case has tremendous consequences for *amici*'s members and, as a result, the national economy, and that they have special insight, perspective, and experience that will assist this Court in evaluating the defendant's arguments for summary judgment.

Upon careful consideration of the above, this Court finds good cause to grant *amici*'s motion. As such, *amici*'s Motion for Leave to File *Amicus Curiae* Brief **[Doc. 265]** is hereby **GRANTED**. Accordingly, *amici* are **DIRECTED** to **RE-FILE** the Brief of the Chamber of

---

[2] *See also* **Lathrop v. Unidentified, Wrecked & Abandoned Vessel**, 817 F.Supp. 953, 960 n.10 (M.D. Fla. 1991); **Resort Timeshare Resales, Inc. v. Stuart**, 764 F.Supp. 1495, 1500-01 (S.D. Fla. 1991).

Commerce of the United States of America and National Mining Association in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, which is currently an attachment to the instant motion. [Doc. 265-1].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to *amici* and to all counsel of record herein.

**DATED**: August 24, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

          Plaintiff,

v.                                            Civil Action No.: 1:18-cv-72
                                            (Judge Keeley)

AUSTIN CAPERTON,
in his official capacity as
Secretary of West Virginia Department
of Environmental Protection,

          Defendant.

## CERTIFICATE OF SERVICE

I, David McMahon do hereby certify that on June 1, 2018, I electronically filed the foregoing "**Amicus Curiae Brief of West Virginia Surface Owner's Rights Organization**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Williams & Connolly, LLP | Babst Calland Clements and Zomnir, P.C. |
| Kannon K. Shanmugam, Esq. | Timothy M. Miller (W.Va. Bar No. 2564) |
| Katherine M. Turner, Esq. | Katrina N. Bowers (W.Va. Bar No. 12337) |
| Eden Schiffmann, Esq. | BB&T Square |
| Matthew J. Greer (admitted pro hac vice) | 300 Summers Street, Suite 1000 |
| 725 Twelfth Street, N.W. | Charleston, WV 25301 |
| Washington, DC 20005 | (681) 205-8888 |
| (202) 434-5000 | tmiller@babstcalland.com |
| kshanmugam@wc.com | kbowers@babstcalland.com |
| kturner@wv.com | |
| eschiffmann@wv.com | |
| mgreer@wc.com | |

                                                        /s/ David McMahon
                                                        David McMahon (WV Bar No. 2490)
                                                        1624 Kenwood Rd.
                                                        Charleston, West Virginia 25314
                                                        Phone: (304) 993-0468
                                                        Email: wvdavid@wvdavid.net